**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward James Barger, ) | CIV 11-8034-PCT-FJM (MHB) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Charles L. Ryan, et al., ) | |
| Respondents. ) | |

TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE:

Petitioner Edward James Barger, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Answer on June 8, 2011 (Doc. 15). Despite having an opportunity to do so, Petitioner has not filed a reply.

**BACKGROUND**

In June of 2008, Petitioner pled guilty to possession of a dangerous drug (methamphetamine) for sale, involving a minor in a drug offense, and four counts of theft of a means of transportation, all committed in August of 2007. (Doc. 15, Exh. A.) He also pled guilty to possession of marijuana for sale committed in August of 2006. (Doc. 15, Exh. A.) In exchange, the State dismissed with prejudice several additional charges and allegations of prior convictions. (Doc. 15, Exh. A.) The trial court imposed concurrent terms of imprisonment, the longest of which is 10 years. (Doc. 15, Exh. B.)

1    Petitioner filed a timely pro per petition for post-conviction relief, which the trial court
2    treated as a notice of post-conviction relief and appointed counsel to represent him. (Doc.
3    15, Exhs. C, D.) In his subsequent petition for post-conviction relief, Petitioner's counsel
4    argued that newly-discovered evidence – the sudden worsening of his early-stage brain
5    cancer rendering him incompetent and his imminent death before the expiration of his
6    sentence – should allow him to withdraw from his plea agreement. (Doc. 15, Exh. E at 8-9.)
7    Petitioner additionally claimed he was denied his right to a presentence report, and to present
8    evidence that an irreconcilable conflict had arisen between him and trial counsel. (Doc. 15,
9    Exh. E at 9-11.) Due to that irreconcilable difference, Petitioner argued that trial counsel was
10   ineffective because he led Petitioner to believe that he would have to represent himself if
11   counsel were removed. (Doc. 15, Exh. E at 12.) Without explanation, Petitioner asserted
12   that "the record reveals serious issues as to [his] competency to accept any plea bargain."
13   (Doc. 15, Exh. E at 13.)

14   The trial court dismissed Petitioner's petition without a hearing, finding that
15   Petitioner's health condition was not newly-discovered evidence because Petitioner knew
16   about the tumor at the time of the change of plea and sentencing. (Doc. 15, Exh. F.) The
17   court noted that "[Petitioner] likely had no idea what his brain tumor would do," explaining
18   that "[i]t could have gone into remission just as easily and it could have quickly progressed
19   to the point of causing imminent death. At best, it is purely speculation how long [Petitioner]
20   might live with the brain tumor." (Doc. 15, Exh. F at 2.) The trial court found no basis in
21   the record to support Petitioner's contentions that he made clear his intent to fire trial
22   counsel, that an irreconcilable conflict had arisen between them, or that he believed he would
23   not be entitled to appointed counsel. (Doc. 15, Exh. F at 2.) The court also found that
24   Petitioner had waived his right to a presentence report. (Doc. 15, Exh. F at 2.)

25   In his petition for review to the Arizona Court of Appeals, Petitioner argued that his
26   brain tumor constituted newly-discovered evidence sufficient to allow him to withdraw from
27   his plea agreement and that he was denied his right to present evidence of an irreconcilable
28   difference between him and trial counsel. (Doc. 15, Exh. G at 10-17.) The appellate court

denied review without comment. (Doc. 15, Exh. H.) Petitioner raised the same arguments in his for petition for review to the Arizona Supreme Court. (Doc. 15, Exh. I at 9-16.) The supreme court denied review without comment. (Doc. 15, Exh. J.)

Thereafter, Petitioner filed the instant Petition for Writ of Habeas Corpus raising three grounds for relief. (Doc. 1.) In Ground One, Petitioner alleges that he received ineffective assistance of counsel. In Ground Two, he claims that his due process rights were violated because the trial court did not *sua sponte* order a Rule 11 competency hearing based on the plea colloquy. Petitioner contends that he has a malignant brain tumor that was affecting his "mental and cognitive faculties" and this "brought into question his ability to enter a knowing, voluntary, and intelligent plea." In Ground Three, Petitioner contends that there are "newly discovered material facts." Specifically, he claims that 90 days after his change of plea and sentencing, he was advised that his brain tumor was malignant and that the median life expectancy of a person with a malignant brain tumor is 5-10 years. Petitioner states that, if he and the trial court had been aware of this information, he would not have pled guilty and it is "doubtful" that the trial court would have imposed a "virtual death penalty" sentence.

## DISCUSSION

In their Answer, Respondents contend that portions of Ground One and the entirety of Ground Two are procedurally defaulted; Ground Three fails to state a basis for federal habeas relief; and the remaining portion of Ground One fails on the merits. As such, Respondents request that the Court deny and dismiss Petitioner's habeas petition with prejudice.

**A.    Exhaustion and Procedural Default**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. See 28 U.S.C. § 2254(b)(1) and (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. See O'Sullivan v. Boerckel, 526 U.S.

1 838, 839-46 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

Proper exhaustion requires a petitioner to have "fairly presented" to the state courts the exact federal claim he raises on habeas by describing the operative facts and federal legal theory upon which the claim is based. See, e.g., Picard v. Connor, 404 U.S. 270, 275-78 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). A claim is only "fairly presented" to the state courts when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim under the United States Constitution." Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) (quotations omitted); see Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

A "general appeal to a constitutional guarantee," such as due process, is insufficient to achieve fair presentation. Shumway, 223 F.3d at 987 (quoting Gray v. Netherland, 518 U.S. 152, 163 (1996)); see Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). Similarly, a federal claim is not exhausted merely because its factual basis was presented to the state courts on state law grounds – a "mere similarity between a claim of state and federal error is insufficient to establish exhaustion." Shumway, 223 F.3d at 988 (quotations omitted); see Picard, 404 U.S. at 275-77.

Even when a claim's federal basis is "self-evident," or the claim would have been decided on the same considerations under state or federal law, a petitioner must still present the federal claim to the state courts explicitly, "either by citing federal law or the decisions of federal courts." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (quotations omitted), amended by 247 F.3d 904 (9th Cir. 2001); see Baldwin v. Reese, 541 U.S. 27, 32

(2004) (claim not fairly presented when state court "must read beyond a petition or a brief ... that does not alert it to the presence of a federal claim" to discover implicit federal claim).

Additionally, under the independent state grounds principle, a federal habeas court generally may not review a claim if the state court's denial of relief rests upon an independent and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 731-32. The United States Supreme Court has explained:

> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

Id. at 730-31. A petitioner who fails to follow a state's procedural requirements for presenting a valid claim deprives the state court of an opportunity to address the claim in much the same manner as a petitioner who fails to exhaust his state remedies. Thus, in order to prevent a petitioner from subverting the exhaustion requirement by failing to follow state procedures, a claim not presented to the state courts in a procedurally correct manner is deemed procedurally defaulted, and is generally barred from habeas relief. See id. at 731-32.

Claims may be procedurally barred from federal habeas review based upon a variety of factual circumstances. If a state court expressly applied a procedural bar when a petitioner attempted to raise the claim in state court, and that state procedural bar is both "independent"[1] and "adequate"[2] – review of the merits of the claim by a federal habeas court is barred. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily

---

[1] A state procedural default rule is "independent" if it does not depend upon a federal constitutional ruling on the merits. See Stewart v. Smith, 536 U.S. 856, 860 (2002).

[2] A state procedural default rule is "adequate" if it is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255, 262-53 (1982)).

not be reviewed in federal court.") (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977) and Murray v. Carrier, 477 U.S. 478, 485-492 (1986)).

Moreover, if a state court applies a procedural bar, but goes on to alternatively address the merits of the federal claim, the claim is still barred from federal review. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. ... In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.") (citations omitted); Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.") (citing Harris, 489 U.S. at 264 n.10).

Furthermore, a subsequent "silent" denial of review by a higher court simply affirms a lower court's application of a procedural bar. See Ylst, 501 U.S. at 803 ("where ... the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits").

A procedural bar may also be applied to unexhausted claims where state procedural rules make a return to state court futile. See Coleman, 501 U.S. at 735 n.1 (claims are barred from habeas review when not first raised before state courts and those courts "would now find the claims procedurally barred"); Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir. 2002) ("[T]he procedural default rule barring consideration of a federal claim 'applies only when a state court has been presented with the federal claim,' but declined to reach the issue for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally barred.'") (quoting Harris, 489 U.S. at 263 n.9).

In Arizona, claims not previously presented to the state courts via either direct appeal or collateral review are generally barred from federal review because an attempt to return to

state court to present them is futile unless the claims fit in a narrow category of claims for which a successive petition is permitted. See Ariz.R.Crim.P. 32.1(d)-(h) & 32.2(a) (precluding claims not raised on appeal or in prior petitions for post-conviction relief, except for narrow exceptions); Ariz.R.Crim.P. 32.4 (time bar). Because Arizona's preclusion rule (Rule 32.2(a)) is both "independent" and "adequate," either its specific application to a claim by an Arizona court, or its operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of that claim by a federal habeas court. See Stewart, 536 U.S. at 860 (determinations made under Arizona's procedural default rule are "independent" of federal law); Smith v. Stewart, 241 F.3d 1191, 1195 n.2 (9th Cir. 2001) ("We have held that Arizona's procedural default rule is regularly followed ["adequate"] in several cases.") (citations omitted), reversed on other grounds, Stewart v. Smith, 536 U.S. 856 (2002); see also Ortiz v. Stewart, 149 F.3d 923, 931-32 (rejecting argument that Arizona courts have not "strictly or regularly followed" Rule 32 of Arizona Rules of Criminal Procedure); State v. Mata, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings).

The federal court will not consider the merits of a procedurally defaulted claim unless a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman, 501 U.S. at 750-51; Murray, 477 U.S. at 495-96. Pursuant to the "cause and prejudice" test, a petitioner must point to some external cause that prevented him from following the procedural rules of the state court and fairly presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." Robinson v. Ignacio, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted). Ignorance of the State's procedural rules or other forms of general inadvertence or lack of legal training and a petitioner's mental condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly

present his claim. Regarding the "miscarriage of justice," the Supreme Court has made clear that a fundamental miscarriage of justice exists when a Constitutional violation has resulted in the conviction of one who is actually innocent. See Murray, 477 U.S. at 495-96.

### 1. Ground One

In his habeas petition, Petitioner asserts violations of his Sixth Amendment right to effective assistance of trial counsel on five specific grounds. (Doc. 1 at 6-6A.) First, Petitioner argues that the trial court "denied evidence of irreconcilable differences between [him and] defense counsel." (Doc. 1 at 6.) Petitioner also claims that defense counsel was deficient in: misleading the trial court to believe that Petitioner wanted to represent himself when he really wanted to replace defense counsel; failing to ask for an evaluation pursuant to Arizona Rule of Criminal Procedure 11 to determine if Petitioner was competent to plead guilty; failing to consult Petitioner's treating psychiatrist; and asking "jail staff to spy on [Petitioner] for evidence" that he was feigning symptoms. (Doc. 1 at 6-6A.)

In his petition for post-conviction relief, Petitioner argued that he was deprived of effective assistance of counsel due to an irreconcilable conflict between him and defense counsel. (Doc. 15, Exh. E at 1, 10-13.) In his petition for review to the Arizona Court of Appeals, Petitioner asserted that he received ineffective assistance of trial counsel on the same basis. (Doc. 15, Exh. G at 13-17.) Thus, Petitioner has properly exhausted this portion of Ground One.

However, the four other bases for ineffective assistance of counsel not previously included in the petition for post-conviction relief (claims that defense counsel was deficient in: misleading the trial court to believe that Petitioner wanted to represent himself when he really wanted to replace defense counsel; failing to ask for an evaluation pursuant to Arizona Rule of Criminal Procedure 11 to determine if Petitioner was competent to plead guilty; failing to consult Petitioner's treating psychiatrist; and asking "jail staff to spy on [Petitioner] for evidence" that he was feigning symptoms) and raised for the first time on habeas review are not exhausted because the claims were not fully and fairly presented to state courts. See 28 U.S.C. § 2254(b); see Moormann v. Schriro, 426 F.3d 1044, 1056 (9th Cir. 2005); see also

1 Hemmerle v. Schriro, 495 F.3d 1069, 1075 (9th Cir. 2007) (ineffective assistance claims are not fungible, but highly fact-dependent). Failure to fairly present these claims has resulted in procedural default because Petitioner is now barred from returning to the state courts. See Ariz.R.Crim.P. 32.2(a), 32.4(a). And, Petitioner has shown neither cause nor prejudice for his failure to exhaust these claims in state court.

### 2. Ground Two

Petitioner asserts in Ground Two of his habeas petition that the trial court violated his right to due process of law by failing to order competency proceedings pursuant to Rule 11 before accepting his guilty plea. (Doc. 1 at 7.) Although Petitioner's petition for post-conviction relief briefly mentioned Rule 11, he failed to raise this argument in his petition for review to the Arizona Court of Appeals. (Doc. 15, Exh. E at 5, 8; Exh. G.) Therefore, this claim is not properly exhausted. See Baldwin, 541 U.S. at 29; Swoopes, 196 F.3d at 1010. Moreover, the failure to fairly present this claim has resulted in procedural default because Petitioner is now barred from returning to the state courts. See Ariz.R.Crim.P. 32.2(a), 32.4(a). Petitioner has also not shown cause or prejudice for his failure to exhaust these claims in state court.

## B. Non-Cognizable Claim

In Ground Three of his habeas petition, without citing a federal basis for his claim or asserting actual innocence, Petitioner contends that newly-discovered facts entitle him to withdraw from his plea agreement and states that "it is doubtful that the trial court would have imposed a 'virtual death penalty' [] had this information been available to the court." (Doc. 1 at 8.) Notwithstanding the fact that Petitioner knew of the brain tumor at the time of the change of plea and sentencing, the Court can grant habeas relief "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus

1 relief does not lie for errors of state law."). Thus, Ground Three fails to constitute a basis for
2 federal habeas relief.

**C.     Merits**

The only claim properly before the Court is Petitioner's Sixth Amendment claim that the trial court "denied evidence of irreconcilable differences between [him and] defense counsel." (Doc. 1 at 6.)

Pursuant to the AEDPA[3], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ... ." Robinson, 360 F.3d at 1055.

A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Williams, 529 U.S. at 404-05. "A state court's decision can involve an 'unreasonable application' of Federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).

Refusal to allow substitution of attorneys may result in denial of the constitutional right to effective assistance of counsel if the defendant and his attorney are embroiled in an

---

[3] Antiterrorism and Effective Death Penalty Act of 1996.

"irreconcilable conflict." See Brown v. Craven, 424 F.2d 1166, 1170 (9th Cir. 1970). The Sixth Amendment, however, does not guarantee a right to the counsel of one's choosing, a meaningful attorney-client relationship, or complete satisfaction with counsel's performance. See Morris v. Slappy, 461 U.S. 1, 12-15 (1983). Thus, "not every conflict or disagreement between the defendant and counsel implicates Sixth Amendment rights." Schell v. Witek, 218 F.3d 1017, 1027 (9th Cir. 2000) (*en banc*); see Morris, 461 U.S. at 13-14.

When a defendant indicates dissatisfaction with his counsel, the trial court ordinarily must conduct an inquiry in order to discover whether the situation is depriving the defendant of an adequate defense. See Schell, 218 F.3d at 1025 ("it is well established and clear that the Sixth Amendment requires on the record an appropriate inquiry into the grounds for such a motion, and that the matter be resolved on the merits before the case goes forward"); Hudson v. Rushen, 686 F.2d 826, 829 (9th Cir. 1982) ("the state trial court's summary denial of a defendant's motion for new counsel without further inquiry violated the Sixth Amendment"). However, the inquiry need only be "as comprehensive as the circumstances reasonably would permit." Hudson, 686 F.2d at 831. A trial court's failure to inquire into a motion for substitute counsel cannot be deemed prejudicial per se unless, as a result, the defendant is forced to proceed with representation that does not meet constitutional standards. See Schell, 218 F.3d at 1025-26.

The ultimate constitutional question the federal courts must answer is not whether the state trial court "abused its discretion" in deciding the motion, but whether this error actually violated a petitioner's constitutional rights in that the conflict between a petitioner and attorney has become so great that it results in a total lack of communication or other significant impediment that results in turn in an attorney-client relationship that falls short of that required by the Sixth Amendment. See id. at 1026.

Here, Petitioner cannot show that the trial court deprived him of his right to effective assistance of counsel by denying "evidence of irreconcilable differences between [him and] defense counsel," and more importantly, nothing in the record suggests that Petitioner and

defense counsel become embroiled in an irreconcilable conflict violative of Petitioner's Sixth Amendment rights.

In ruling on Petitioner's petition for post-conviction relief, the trial court found "no basis in the record" to support his contention that "he made clear his intent to discharge his attorney and the Court should have stopped the proceedings and appointed substitute counsel." (Doc. 15, Exh. F at 2.) In reaching this conclusion, the trial court acknowledged:

> [T]hat at beginning of the Change of Plea proceeding, [defense counsel] informed the Court that [Petitioner] had "fired" him and that [Petitioner] did not wish [defense counsel] to continue with his representation. However, upon further inquiry, the Court became satisfied that [Petitioner], in fact, did not wish to "fire" his attorney.

(Doc. 15, Exh. F at 2.)

The Change of Plea hearing transcript confirms the trial court's finding. (Doc. 15, Exh. K at 5-13.) The court asked Petitioner several times if he wanted to discharge or replace counsel. (Doc. 15, Exh. K at 7, 8, 10.) Each time, Petitioner responded that he did not know. (Doc. 15, Exh. K at 7-10.) Although Petitioner expressed some confusion and indifference, not once did he tell the court that he wanted to replace counsel or describe any circumstances resembling an "irreconcilable conflict." ( Doc. 15, Exh. K at 3-40.) Indeed, Petitioner repeatedly expressed his desire to go forward with the plea agreement. (Doc. 15, Exh. K at 7, 8, 10, 12, 13, 14-28, 34-35.) Neither Petitioner nor counsel raised the issue during Petitioner's sentencing hearing. (Doc. 15, Exh. K.)

Thus, the trial court's decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Nor was that decision "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

## CONCLUSION

Having determined that portions of Ground One and the entirety of Ground Two are procedurally defaulted; Ground Three fails to state a basis for federal habeas relief; and that the remaining portion of Ground One fails on the merits, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right and because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 28th day of December, 2011.

_____
Michelle H. Burns
United States Magistrate Judge